54 F.3d 779
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Reinhold AMAN, Defendant-Appellant.
 No. 94-3464.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 18, 1995.
Decided May 19, 1995.
 
 Appeal from the United States District Court, for the Eastern District of Wisconsin, No. 93 CR 65; J.P. Stadtmueller, Judge.
 Before POSNER, Chief Judge, and CUMMINGS and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Defendant Reinhold Aman was first sentenced to 27 months' imprisonment following a conviction for mailing threatening communications, in violation of 18 U.S.C. Sec. 876, to his ex-wife, and to the judge presiding over their post-divorce division of assets.[1] In United States v. Aman, 31 F.3d 550 (7th Cir. 1994), we affirmed Aman's conviction, but vacated the sentence and remanded because the district court violated the Ex Post Fact Clause, which prohibits the retroactive application of a new, harsher sentencing guideline. The district court had applied a November 1992 Sentencing Guidelines provision which was not in effect at the time the crime was committed. That new provision permitted a three-level increase if the victim of the threat was a "government employee or officer," which would include the state court judge threatened by Aman. U.S.S.G. Sec. 3A1.2(a). The previous (and applicable) version of Sec. 3A1.2(a) restricted the category of types of victims permitting enhancement of the sentence to "law enforcement" or "corrections officers," which would not include the state court judge. On remand, the district court reduced the sentencing level by three levels and sentenced Aman to 18 months' imprisonment. Aman appeals from the new sentence.
 
 
 2
 Aman's attorney, believing no arguable issues exist for appeal, has filed a motion to withdraw and a brief pursuant to Anders v. California, 386 U.S. 738 (1967). We notified Aman of counsel's motion and his right to respond, Cir. R. 51(a), and he has filed a response.[2]
 
 
 3
 We have reviewed the transcript of the second sentencing hearing, and we find no error. In accordance with our instructions, the district court resentenced Aman under the 1991 version of U.S.S.G. Sec. 3A1.2(a) in effect at the time Aman committed the crime, thereby reducing Aman's sentence by one-third. The motion to withdraw is GRANTED and the appeal is DISMISSED.
 
 
 
 [1]
 As we noted in the previous appeal, Aman is a self-proclaimed specialist in "maledicta," a Latin term he coined meaning "bad words." United States v. Aman, 31 F.3d 550, 551 (7th Cir. 1994)
 
 
 [2]
 We will not address attempts by defense counsel and by Aman to re-argue issues that we resolved in the previous appeal, such as whether the language used by Aman in the communications constituted threats. Aman also raised new issues, including the argument that the "members of the jury were in no way my 'peers,' educationally, intellectually, linguistically, or otherwise."